WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Biviana Hernandez and Agustin Orozco,<br><br>Plaintiffs,<br><br>v.<br><br>Saba's Limo Incorporated and Sabah S Alnassary,<br><br>Defendants. | No. CV-18-02252-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment as to Liability, (Doc. 53, "Mot."). Defendant Sabah S. Alnassary, a pro se litigant, responded on behalf of himself and Saba's Limo Incorporated, (Doc. 62, "Resp."), and Plaintiffs replied, (Doc. 64, "Reply"). Each side submitted a separate statement of facts. (Doc. 54, "PSOF"; Doc. 63, "DSOF").[1] Neither party requested oral argument and the Court finds that the Motion may be resolved without hearing. LRCiv 7.2(f). The Court has considered the pleadings, relevant law, each party's facts, and will deny the Motion.

**I.    BACKGROUND**

This case arises out of a 2012 Cadillac Escalade's trip between multiple buyers. The first owner, General Electric Capital Corporation, received title to the car on October 25, 2011. (Doc. 1-2 at 2.) Around three years later, C&R Tire and Automotive serviced it. (Doc. 54-1 at 17.) The November 13, 2014 service receipt shows it had 185,046 miles on it. (*Id.*)

---

[1] Although Plaintiffs initially submitted an unsigned, undated declaration by Agustin Orozco, they submitted the fully executed declaration later. (*See* Doc. 55-1.)

Twelve days later, the second owner, Transtyle Inc., received title to the Escalade, which indicated it had been driven only fifteen miles. (*Id.* at 10.) About three months later, Transtyle took the car back to C&R Tire and Automotive for servicing. (*Id.* at 15.) The February 16, 2015 service receipt shows it had 197,312 miles on it. (*Id.*)

Roughly ten months later, the third owner, Saba's Limo Inc., acquired title to the Escalade from Transtyle with 1,000 miles on it. (*Id.* at 5, 11.) The next day, Saba's brought it to Limo Repair Phoenix for an inspection. (*Id.* at 13.) The inspection report indicated the car had 286,315 miles on it. (*Id.*) Sometime after this inspection, Saba's listed the car for sale on Craigslist for $9,950, which is consistent with the market value of a similar car with 286,315 miles on it. (Doc. 63 at 6, 11.)

On April 18, 2017, the fourth owner, Cesar Trujillo, purchased it from Saba's for $8,500. (*Id.* at 4.) Saba's documented this transaction with a fully executed bill of sale, which includes a photocopy of Mr. Trujillo's Arizona driver's license. (*Id.*) Although no evidence indicates the title was transferred to Mr. Trujillo, the bill of sale references the title and states that "the mileage of the vehicle at the time of sale is TMU," which is a common abbreviation for "true miles unknown." (*Id.*)

The following month, the final owners, Plaintiffs Biviana Hernandez and Agustin Orozco, bought the car on May 31, 2017 outside a bank with cash from an unknown individual. (*Id.* at 24-26.) Shortly after, Mrs. Hernandez drove a different car to a third-party motor vehicle division, EZ Title and Registration, to register the Escalade. (*Id.* at 26, 32.) To register it, she brought a title listing Saba's as the owner, but it did not list her name or address as a buyer, the date of sale, mileage, or the seller's name or address and had an unidentified signature where the seller is required to sign[2]. (*Id.* at 30-33, 74-75.) Because Mrs. Hernandez drove a different car to EZ Title and Registration, she had to call her husband to obtain the car's mileage. (*Id.* at 27.) After Mr. Orozco told her over the phone that the car had 88,000 miles on it, Mrs. Hernandez had the EZ Title and Registration clerk write 88,000 miles on the title.[3] (*Id.* at 28-29.) In addition to writing the mileage on the title

---

[2] Sabah Alnassary later conceded in his response that this is his signature. (Resp. at 2.)
[3] EZ Title and Registration also somehow notarized the car's mileage on April 17, 2017,

a month after the mileage was notarized, the clerk also wrote in the remainder of the missing information, except for the seller's name and address. (*Id.* at 31-32; 75.) Two years later, Mr. Orozco took a picture of the car's odometer showing it had 131,629 miles on it. (Doc. 54-1 at 8.)

Based on these facts, Plaintiffs sued Transtyle, Inc., Fred Sadeghi, Faramarz Sadeghi, Saba's, and Sabah S. Alnassary for violating the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701, *et seq.* ("Odometer Act" or "Act"), and the Arizona Consumer Fraud Act. (Doc. 1, "Compl." ¶¶ 72-92.) Plaintiffs stipulated to dismissing with prejudice Transtyle, Inc., Fred Sadeghi, and Faramarz Sadeghi after filing this Motion. (Docs. 69, 71.) They now move for partial summary judgment against Saba's and Sabah S. Alnassary ("Saba's" or "Defendants") as to liability under the Odometer Act.

## II.     LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The court need only consider the cited materials, but it may also consider any other materials in the record. *Id.* 56(c)(3). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of demonstrating to the Court the basis for the

---

even though the clerk wrote the mileage on the title when Mrs. Hernandez brought it in on May 31, 2017. (Doc. 63 at 31-32.)

motion and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the movant fails to carry its initial burden, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the movant meets its initial responsibility, the burden then shifts to the nonmovant to establish the existence of a genuine issue of material fact. *Id*. at 1103. The nonmovant need not establish a material issue of fact conclusively in its favor, but it "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Liberty Lobby*, 477 U.S. at 247–48. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). However, in the summary judgment context, the Court believes the nonmovant's evidence, *id.* at 255, and construes all disputed facts in the light most favorable to the non-moving party, *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). If "the evidence yields conflicting inferences [regarding material facts], summary judgment is improper, and the action must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

**III.   DISCUSSION**

    **A. <u>Odometer Act</u>**

Congress enacted the Odometer Act "(1) to prohibit tampering with motor vehicle odometers; and (2) to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." 49 U.S.C. § 32701(b); *Bodine v. Graco, Inc.*, 533 F.3d 1145, 1149 (9th Cir. 2008) ("Congress effectuated these purposes by outlawing actions that would cause discrepancies between a vehicle's actual mileage and its odometer reading.").[4]

---

[4] In explaining why the Odometer Act was enacted, Congress reasoned that "(1) buyers of motor vehicles rely heavily on the odometer reading as an index of the condition and value of a vehicle; (2) buyers are entitled to rely on the odometer reading as an accurate indication of the mileage of the vehicle; (3) an accurate indication of the mileage assists a buyer in deciding on the safety and reliability of the vehicle; and (4) motor vehicles move in, or affect, interstate and foreign commerce." 49 U.S.C. § 32701(a)(1)-(4).

Within the Act's text, Congress created a private cause of action for consumers to enforce these protections. *See* 49 U.S.C. § 32710(b) ("A person may bring a civil action to enforce a claim under this section in an appropriate United States district court . . . not later than 2 years after the claim accrues."). However, "the private right of action under the Odometer Act is limited to allegations of fraud relating to a vehicle's mileage." *Bodine*, 533 F.3d at 1147; *see also* 49 U.S.C. § 32710(a) ("A person [who] violates this chapter or a regulation prescribed or order issued under this chapter, *with intent to defraud*, is liable for 3 times the actual damages or $10,000, whichever is greater." (emphasis added)).

Plaintiffs claim Defendants violated the Odometer Act by: (1) altering the Escalade's odometer; (2) not making necessary disclosures about its mileage; and (3) making false statements about disclosures required by regulation. (Mot. at 5-9.) To be awarded summary judgment, Plaintiffs must, in addition to establishing a violation under the Act, show Defendants acted "with intent to defraud." *See* 49 U.S.C. § 32710(a); *see also Bodine*, 533 F.3d at 1147. The Court finds summary judgment inappropriate here. Fed. R. Civ. P. 56(a).

Plaintiffs are not entitled to summary judgment because they have not established "the absence of a genuine issue of material fact." *Cf. Celotex*, 477 U.S. at 323; *compare Rogers Motors of Hermiston LLC v. Bartlett LLC*, No. 2:17-CV-00338-SMJ, 2018 WL 616138, at *3-5 (E.D. Wash. Jan. 29, 2018) (denying defendant's summary judgment motion on Odometer Act claim); *with Raatz v. Dealer Trade Inc.*, No. CV-16-00170-PHX-DGC, 2017 WL 67547, at *2-4 (D. Ariz. Jan. 6, 2017) (granting defendant's summary judgment motion on Odometer Act claim). Instead, and as explained in more detail below, the evidence before the Court is riddled with genuine issues of material facts indicating that a reasonable jury could find Defendants not liable under the Odometer Act. *Cf. Anderson*, 477 U.S. at 248.

      i. <u>A Genuine Issue of Material Fact Exists Concerning Whether Defendants Altered the Escalade's Odometer.</u>

Under the Odometer Act, a person may not "disconnect, reset, alter, or have

disconnected, reset, or altered, an odometer[5] of a motor vehicle intending to change the mileage registered by the odometer." 49 U.S.C. § 32703(2). Plaintiffs correctly acknowledge no direct evidence links Defendants, or anyone for that matter, to altering the odometer. (Mot. at 6.) Nonetheless, they argue they have presented enough circumstantial evidence showing *Defendants* did it to foreclose a trial. (*Id.* at 7.) The Court disagrees.

      While Defendants may have acquired title to the Escalade from Transtyle with 1,000 miles on it, which a subsequent inspection report indicating it had 236,315 miles shows to be incorrect, there is nothing showing Defendants altered the odometer after learning of its true mileage. Instead, the evidence seems to show precisely otherwise. That is, when Defendants sold the car to *Mr. Trujillo*, not Plaintiffs, on April 18, 2017, the bill of sale indicates it was sold at market value for a similar vehicle with 236,315 miles on it. Notably, Plaintiffs do not dispute Saba's sold the car to Mr. Trujillo a month before they purchased it, but rather choose to ignore this evidence. (*See* Reply at 1-4.[6]) They also provide no facts showing how many miles the odometer had on it when Saba's sold it to Mr. Trujillo. Moreover, the fact that Mr. Orozco told Mrs. Hernandez to tell an EZ Title and Registration clerk to write 88,000 miles on a title that did not indicate who sold them the car does not show Defendants altered the odometer. Lastly, Plaintiffs' picture showing the car's odometer had 131,629 on it two years after they purchased it certainly does not show

---

[5] As used here, "'odometer' means an instrument or system of components for measuring and recording the distance a motor vehicle is driven, but does not include an auxiliary instrument or system of components designed to be reset by the operator of the vehicle to record mileage of a trip." 49 U.S.C. § 32702(5).

[6] In fact, the Court seriously questions counsel's candor to this Court in his pleadings. *See* A.R.S. SCR, Rule 42, Rules of Prof. Conduct, ER 3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."). At the time counsel filed the motion, he lacked knowledge that Saba's sold the car to Plaintiff, but nevertheless stated this as a fact. (*See* Mot. at 7 ("Yet, when Saba's Limo sold the Escalade to Plaintiffs more than two years later . . . .")). He also stated that "Saba's Limo and Mr. Alnassary did not provide any disclosure to *Plaintiffs* on the back of the title." (*Id.* at 8 (emphasis added)). Counsel had no reasonable basis for these assertions. Even more troubling is the fact that instead of correcting his statements after being presented evidence showing Defendants sold the car to Mr. Trujillo, he simply argues that Defendants violated the Odometer Act by "conveying to the *seller* that the odometer reading was accurate." (Reply at 3 (emphasis added)). Counsel's statement also fails to mention Defendants' evidence that Saba's did in fact disclose to Mr. Trujillo in the bill of sale dated April 18, 2017 that the mileage was unknown. (*Id.* at 4.)

Defendants altered it either. Based on these facts, summary judgment is inappropriate because a triable issue of material fact remains as to *when* the odometer was altered and *who* did it. These facts permit a reasonable jury to find that Defendants did not in fact alter the odometer.

> ii. A Genuine Issue of Material Fact Remains as to Whether Plaintiffs Were "Transferees" Under the Odometer Act and Thus Entitled to Disclosures by Defendants.

The Odometer Act also imposes written disclosure requirements for a "transferor" to give to a "transferee."[7] *See* 49 U.S.C. § 32705(a)(1). By its text, the Act requires a transferor disclose "the cumulative mileage registered on the odometer" or "that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled." *Id.* It also authorizes the Secretary of Transportation to promulgate regulations creating additional, more specific disclosure requirements, *see id.*, which the Secretary has since created, *see* 49 C.F.R. § 580.1; *see also id.* § 580.2. Among other things, these regulations require that "[i]n the case of a transferor in whose name the vehicle is titled, the transferor shall disclose the mileage on the electronic title or the physical title" and the "disclosure must be signed by the transferor and must contain the transferor's printed name." 49 C.F.R. § 580.5(c). The disclosure must also include (1) the odometer reading; (2) date of transfer; (3) transferor's current address; (4) transferee's current address; and (5) identity of the vehicle, including its make, model, year, body type, and vehicle identification number. *Id.* § 580.5(c)(1)-(5).

Plaintiffs claim Defendants violated this section by "not provid[ing] any disclosure to [them] on the back of the title concerning the odometer reading or is accuracy." (Mot. at 8.) Section 32705(a)(1)'s plain text does not mention "title," and Plaintiffs cite no specific regulation governing Defendants' disclosures. Because Congress left the more specific disclosure requirements up to the Secretary of Transportation, citing and arguing how these

---

[7] The Act does not specifically define "transferee," but the corresponding regulations do. *See* 49 C.F.R. § 580.3(2)(ii) (defining transferee as "any person to whom ownership of a motor vehicle is transferred, by purchase, gift, or any means other than by the creation of a security interest.").

- 7 -

regulations are violated is essential. Nonetheless, upon the Court's own research and as identified above, it appears they are referring to a transferor's duties incorporated into the Odometer Act by 49 C.F.R. § 580.5. In response to Plaintiffs' claims, Defendants argue that they disclosed that the true miles were unknown to the original buyer, Mr. Trujillo. (Resp. at 2.) The Court finds Plaintiffs' request for summary judgment unwarranted here.

Fundamentally, the Act only requires a "transferor" give disclosures to a "transferee." *See* 49 U.S.C. § 32705(a)(1). Because Defendants provided evidence showing the car was sold to Mr. Trujillo a month before Plaintiffs purchased it, a genuine issue of material fact exists concerning whether Plaintiffs are "transferees" and whether Defendants are their "transferors." Defendants certainly could not transfer a car they no longer own to Plaintiffs. These genuine issues of material facts preclude summary judgment.

> iii. <u>A Genuine Issue of Material Fact Exists as to Whether Defendants Violated a Disclosure Required by Regulation or Made a False Statement in Making Such a Disclosure.</u>

The Odometer Act further states that a transferor "may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation." 49 U.S.C. § 32705(a)(2). Plaintiffs argue Defendants violated this subsection because they "provided a false disclosure concerning the odometer mileage on the Escalade." (Mot at 9.) More specifically, they claim summary judgment is appropriate because "the fact that the odometer reading itself displayed a mileage reading which was not accurate, was an affirmative representation to Plaintiffs that the mileage on the Escalade was 88,000 miles." (*Id.*) The Court disagrees with Plaintiffs.

As noted, a genuine issue of material fact exists concerning whether Plaintiffs were Defendants' "transferees" and entitled to disclosures from them. In addition, and as noted above, Plaintiffs fail to cite any regulation that Defendants violated, or which disclosure required by regulation that Defendants gave a false statement in the process of making. While Plaintiffs generally cite the applicable *chapter* in the Code of Federal Regulations, (*see* Mot. at 8 (citing "49 C.F.R. pt 580")), they do not explain or point to any evidence showing Defendants violated a regulation or gave a false statement in making a disclosure

required by regulation. The Court will not search the Code of Federal Regulations and manufacture an argument for Plaintiffs.[8]

### IV. CONCLUSION

Plaintiffs have failed to show the absence of a genuine issue of material fact entitling them to summary judgment on their Odometer Act claim against Defendants.

Accordingly,

**IT IS ORDERED DENYING** Plaintiffs' Motion for Partial Summary Judgment as to Liability, (Doc. 53).

Dated this 20th day of April, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge

---

[8] Because genuine issues of material facts exist concerning whether Defendants' conduct violated the Odometer Act, the Court need not address whether a genuine issue of material fact exists as to whether Defendants acted "with intent to defraud." *See Bodine*, 533 F.3d at 1147.